UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT E. COMBS,

Plaintiff, No. 09-CV-13256-DT

vs. Hon. Gerald E. Rosen

FDIC AS RECEIVER FOR INDYMAC BANK, FSB, et al.,

Defendants.
_______________________________/

ORDER OF ADMINISTRATIVE CLOSING

At a session of said Court, held in the U.S. Courthouse, Detroit, Michigan on August 31, 2009

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

Plaintiff Scott Combs filed this action against IndyMac Bank, FSB, and Jose Escobar, a construction service or materials provider, in December 2007 in the Oakland County Circuit Court alleging breach of a $1,280,000 construction mortgage agreement for the construction of a home in Highland, Michigan. While this action was pending in state court, IndyMac Bank, FSB was closed by the Office of Thrift Supervision ("OTS") and the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver. Contemporaneously, the OTS also chartered a new institution, IndyMac Federal Bank, FSB ("IndyMac Federal"), placed IndyMac Federal in conservatorship, appointed the FDIC Conservator, and effectuated the transfer of substantially all of IndyMac Bank's

assets to IndyMac Federal. Thereafter, in March 2009, the FDIC announced that IndyMac Federal had been sold to OneWest Bank, FSB, which agreed to purchase substantially all of IndyMac Federal's assets. At the same time, the OTS appointed the FDIC as Receiver for IndyMac Federal.

The FDIC, as Receiver for IndyMac Bank, and the FDIC as Receiver and Conservatorfor IndyMac Federal, subsequently were substituted as party-defendants in this action. Thereafter, the FDIC, as Receiver for IndyMac Bank and IndyMac Federal removed the action to this Court pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1441.[1] Along with the Notice of Removal, the FDIC filed a Motion to Stay Pending Exhaustion of Statutorily Mandated Administrative Remedies, seeking a 6-month stay of these proceedings to allow Plaintiff to exhaust the administrative claims process. Having reviewed this Motion, the Court has concluded that in the interests of judicial efficiency, justice would be best served by administratively closing this action, rather than staying these proceedings, pending resolution of administrative claims process.

Pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821(d)(3)-(8), Plaintiff is required to exhaust the administrative claims procedures set forth therein as a condition precedent to the pursuit of any claims against the FDIC and the continuation of this lawsuit. 12 U.S.C. § 1821(d)(13)(D) precludes claims for payments from, or seeking a determination of rights

---

[1] It appears that the FDIC, IndyMac Bank, FSB, and IndyMac Federal Bank, FSB are the only defendants served with process in this matter. *See* Case No. 07-0888075-CK, Oakland County Circuit Court records, www.oakgov.com/circuit/.

with respect to the assets of, a failed depository institution in the absence of strict compliance with and the exhaustion of the statutorily mandated administrative claims process. "FIRREA makes participation in the administrative claims review process mandatory for all parties asserting claims against failed institutions, regardless of whether lawsuits to enforce those claims were initiated prior to the appointment of a receiver." *Marquis v. FDIC*, 965 F.2d 1148, 1151 (1st Cir. 1992.)

The Sixth Circuit has held that Section (d)(13)(D) imposes a statutory exhaustion requirement rather than an absolute bar to jurisdiction. *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 385 (6th Cir. 2008). The majority of courts to have faced this issue have interpreted FIRREA as mandating a stay of litigation against the FDIC, much like the statutory stay imposed under the Bankruptcy Code. *See e.g., Wachovia Bank, N.A. v. Vorce*, 2007 WL 3471229 (W.D. Mich. 2007); *see also Marquis, supra*, 965 F.2d at 1554.

Based upon the foregoing, the Court finds that for administrative efficiency and in the interests of justice, rather than staying this action for an indeterminate length of time, this case should be administratively closed pending Plaintiff's exhaustion of the FIRREA administrative claims process. Accordingly,

IT IS HEREBY ORDERED that this case is closed for administrative purposes, only, without prejudice.

IT IS FURTHER ORDERED that this administrative closing does not constitute a dismissal or a decision on the merits of Plaintiff's claims against any of the Defendants.

IT IS FURTHER ORDERED that upon Plaintiff's exhaustion of his administrative

remedies, this case may be reopened on motion of any party.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: August 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 31, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager